IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            No.  06-40096-01-SAC

SANTO MENDOZA SEGURA,

        Defendant.

MEMORANDUM AND ORDER

The defendant Santo Mendoza Segura pleaded guilty to the single-count indictment that charged him with being a felon in possession of a firearm.  The presentence report ("PSR") recommends a Guideline sentencing range of 37 to 46 months from a criminal history category of four and a total offense level of 17 (base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6) (prohibited person at the time of the offense), plus two levels pursuant to § 2K2.1(b)(4) (stolen firearm), plus four levels pursuant to § 2K2.1(b)(6) (possession of a gun to protect his unlawful drug activity), and less three levels for acceptance of responsibility pursuant to § 3E1.1).  The addendum to the PSR reflects the defendant has one unresolved objection.

As summarized in the addendum, the defendant objects to the

four-level enhancement pursuant to § 2K2.1(b)(6) for possession of the weapon in connection with another felony offense.  The defendant objects both factually and legally to the enhancement and points to the government's promise in the plea agreement to not seek a § 2K2.1(b)(6) enhancement.  In his sentencing memorandum, the defendant takes a different approach in opposing this enhancement saying that at the time of the plea agreement neither his counsel nor the government's counsel were in possession of the police report used by the PSR writer to recommend this enhancement.  The police report discloses that the defendant had been interviewed by another officer and admitted then to having the weapon for protection in his drug business.

At the court's direction, the government filed a response acknowledging this police report inadvertently was not included in the government counsel's file and was not timely disclosed to the defense counsel prior to the plea agreement.  The government reiterates its policy to not limit information provided the probation officer for purposes of preparing the PSR and also offers that it will not take a position on sentencing enhancements "that is contrary to the known evidence" unless "the evidence is unclear or subject to reasonable interpretation."  (Dk. 20,

p. 2). The government further recognizes that as a possible sanction for its late disclosure of the police report the court may exclude the police report.

On the unique and peculiar circumstances surrounding this enhancement, the parties' plea agreement, and the untimely disclosure of the police report which directly proves the enhancement to be applicable, the court will sustain the defendant's objection and not impose a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6).  As a result, the defendant's guideline sentencing range will be 24 to 30 months (based on a total offense level of 13 and a criminal history category of four).

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is sustained.

Dated this 13th day of March, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge